1      PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2      Name   HARRY-     ELDRIDGE
           (Last)             (First)               (Initial)

3      Prisoner Number   H-06424

4      Institutional Address   P.O. BOX 409060, IONE, CA. 95640

5

6

7                     UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA

8      HARRY ELDRIDGE,
     (Enter the full name of plaintiff in this action.)

9

                     vs.                  Case No. _____

10                               (To be provided by the clerk of court)

     RICHARD SUBIA, (Warden),

11                           PETITION FOR A WRIT
     Mule Creek State Prison,          OF HABEAS CORPUS

12

13                           (SENTENCING ONLY)

14      (Enter the full name of respondent(s) or jailor in this action)

15

16                    Read Comments Carefully Before Filling In

17      When and Where to File

18         You should file in the Northern District if you were convicted and sentenced in one of these

19      counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20      San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21      this district if you are challenging the manner in which your sentence is being executed, such as loss of

22      good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23         If you are challenging your conviction or sentence and you were not convicted and sentenced in

24      one of the above-named fifteen counties, your petition will likely be transferred to the United States

25      District Court for the district in which the state court that convicted and sentenced you is located. If

26      you are challenging the execution of your sentence and you are not in prison in one of these counties,

27      your petition will likely be transferred to the district court for the district that includes the institution

28      where you are confined. Habeas L.R. 2254-3(b).

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12         (a)   Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14  Santa Clara County Superior Court, San Jose, CA.

15             Court                        Location

16         (b)   Case number, if known  142464

17         (c)   Date and terms of sentence  7/26/91; 84 yrs.

18         (d)   Are you now in custody serving this term? (Custody means being in jail, on

19             parole or probation, etc.)      Yes  XX   No _____

20             Where?

21             Name of Institution: Mule Creek State Prison

22             Address: Ione, CA. 95640

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26      AS SET FORTH HEREIN.

27

28

PET. FOR WRIT OF HAB. CORPUS    - 2 -

1    3. Did you have any of the following?

2        Arraignment:                          Yes XX      No _____

3        Preliminary Hearing:                  Yes XX      No _____

4        Motion to Suppress:                   Yes XX      No _____

5    4. How did you plead?

6        Guilty _____   Not Guilty XX   Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury XX      Judge alone _____   Judge alone on a transcript _____

10   6. Did you testify at your trial?          Yes XX      No _____

11   7. Did you have an attorney at the following proceedings:

12       (a)   Arraignment                      Yes XX      No _____

13       (b)   Preliminary hearing              Yes XX      No _____

14       (c)   Time of plea                     Yes XX      No _____

15       (d)   Trial                            Yes XX      No _____

16       (e)   Sentencing                       Yes XX      No _____

17       (f)   Appeal                           Yes XX      No _____

18       (g)   Other post-conviction proceeding   Yes _____   No XX

19   8. Did you appeal your conviction?         Yes XX      No _____

20       (a)   If you did, to what court(s) did you appeal?

21             Court of Appeal                  Yes X       No _____

22             Year: 1994        Result: SENTENCE MODIFICATION

23             Supreme Court of California      Yes XX      No _____

24             Year: 1994        Result:        DENIED

25             Any other court                  Yes _____   No XX

26             Year: _____     Result: _____

27

28       (b)   If you appealed, were the grounds the same as those that you are raising in this

1             petition?                    Yes _____  No_____

2        (c)    Was there an opinion?         Yes _____    No_____

3           (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                           Yes _____    No XX

5               If you did, give the name of the court and the result:

6

7

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?          Yes XX     No_____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                questions for each proceeding. Attach extra paper if you need more space.

18             I.    Name of Court: SEE PROCEDURAL HISTORY, BELOW.

19                 Type of Proceeding: HABEAS CORPUS

20                 Grounds raised (Be brief but specific):

21                 a. SEE PROCEDURAL HISTORY, BELOW.

22                 b._____

23                 c._____

24                 d._____

25                 Result _____ Date of Result:_____

26             II.    Name of Court: _____

27                 Type of Proceeding: _____

28                 Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS    - 4 -

2004 Supp. App. 14-B. p 28 c

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No _XX_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: AS SET FORTH HEREIN

6  _____

7  Supporting Facts:_____

8  _____

9  _____

10 _____

11 Claim Two:_____

12 _____

13 Supporting Facts:_____

14 _____

15 _____

16 _____

17 Claim Three:_____

18 _____

19 Supporting Facts:_____

20 _____

21 _____

22 _____

23 If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4    AS SET FORTH HEREIN

5  _____

6  _____

7  Do you have an attorney for this petition?                    Yes_____    No_XX_

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on   _5 - 22 - 08_              _Harry Bethridge_

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

1

2

3

## STATEMENT OF THE CASE

    In an amended information filed on January 4, 1991, the District Attorney
of Santa Clara County charged Harry Lee Eldridge (Petitioner from this point
forward), as follows:

    Counts 1 and 2 charged crimes against Yvonne Davis in March of 1989.
Count 1 charged False Inprisonment, (Penal Code § 236), and Count 2 charged
forcible oral copulation, (P.C. § 288a(c)).  [1].

    Counts 3 through 10 charged crimes against Kathy Jurek and which were
allegedly committed in March of 1990. Counts 3 and 4 charged Assault With
a Deadly Weapon Other Than a Firearm, (P.C. § 245(a)). Counts 5 and 6 charged
Rape, (accomplished by force or fear) (P.C. § 261(2)). Counts 7 and 8 charged
Forcible Oral Copulation, (P.C. § 288a(c)). Count 9 charges dissuading a
Witness, (P.C. § 136.1(c)(1)). Count 10 charges False Imprisonment, (P.C.
§ 236).

    Counts 11 through 22 charged crimes against Elizabeth Simone committed
in August of 1990. Counts 11 and 12 charges Assault With a Deadly Weapon
Other Than a Firearm, (P.C. § 245(a) Counts 13, 14, and 15 charged Rape,
(accomplished with force or fear) (P.C. § 261(2). Count 16 charged Dissuading
a Witness, (P.C. § 136(c)(1)). Count 17 charged Kidnapping, (P.C. § 207).
Count 18 charged Meyhem, (P.C. 203). Counts 20, 21, and 22 charged Forcible
Oral Copulation, (P.C. 288(c)). (CT. 193-204, 222)[2].

    Jury trial began on April 18, 1991. (CT. 235) On May 3, 1991 the jury
returned verdicts of guilty on all counts except for acquittals on counts

_____

    1.) Unless otherwise indicated all further statutory references are
to the California Penal Code and shall be denoted "P.C.".
    2.) CT.: Court Transcripts; RT.: Reporter's Transcripts.

8.

1    1, 2, 3, 17, and 18. (RT. 822-839.)

2         On July 26, 1991 petitioner was sentenced to an aggregate term of impri-

3    sonment of ninety years. (CT. 389-390.) Petitioner filed timely Notice of

4    Appeal on July 31, 1991. (CT. 393.)

1

## PROCEDURAL HISTORY

2   On July 26, 1991 the petitioner was sentenced to a term of imprisonment

3   of ninety years. An appeal followed in the Sixth Appellate District of the

4   State of California (H008751) That court affirmed the conviction but remanded

5   for resentencing because the sentencing court had erred in  sentencing

6   petitioner under a specific mandatory sentencing statute as to the sexual

7   assault counts. (Court of Appeal Slip Op. pgs. 33-35 are appended hereto.)

8   A Petition for Review was filed in connection with this first appeal.

9   That petition was denied via remittitur on August 17, 1993.

10   On March 4, 1994 petitioner was resentenced to an aggregate term of

11   eighty four year. (CT. 59-59A)

12   A second appeal was denied in full on March 3, 1995. A second Petition

13   for Review was also denied in full on March 3, 1995.[3.]  (H012372)

14   On July 12, 2002 Petitioner filed his first Petition For Writ of Habeas

15   Corpus in the trial court raising various claims of ineffective assistance

16   of trial counsel. These issues are not relevant to the matters addressed

17   herein and are therefore omitted. On October 10, 2003 the California Supreme

18   Court denied petitioner's habeas petition which raised the same matters

19   as were raised in the trial court.

20   On January 9, 2004 petitioner filed a Petition For Writ of Habeas Corpus

21   in the United States District Court for the Northern District of California

22   raising various claims of trial error and ineffective assistance of trial

23   counsel. (C:04-cv-0088 JSW (PR).) The claims presented therein are not

24   relevant to the matters addressed herein. This petition was denied as

25

26   3. Petitioner has omitted the issues which were raised on first and
    second appeal because they are not relevant to the matters presented herein,
27   (sentencing only) and for the sake of judicial economy.

1  untimely under the Antiterrorism and Effective Death Penalty Act of 1996

2  ("AEDPA") on October 3, 2005.

3      On March 12, 2007 petitioner began second series of habeas corpus

4  petitions is state courts by presenting a petition to the sentencing court

5  raising the following claim:

6                          Claim I

7          PETITIONER WAS DENIED HIS RIGHT TO A JURY TRIAL UPON
           FACTS NECESSARY TO IMPOSE AGGRAVATED TERMS AND CONSECUT-
8          IVE SENTENCES IN VIOLATION OF THE SIXTH AND FOURTEENTH
           AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND
9          ARTICLE I, §§ 15 AND 24 OF THE CONSTITUTION OF THE STATE
           OF CALIFORNIA.

10

                           Claim II
11
           THE SENTENCING COURT VIOLATED STATE AND FEDERAL PROHIB-
12         ITIONS AGAINST EX POST FACTO LAWS BY APPLYING RULE 426
           OF THE CALIFORNIA RULES OF COURT TO THE INSTANT MATTER
13         WHEN MAKING SENTENCING DETERMINATIONS AND IMPOSING
           SENTENCE.
14
                          Claim III
15         UPON RESENTENCING THE TRIAL COURT EXCEEDED IT'S JURIS-
           DICTION, AND VIOLATED PETITIONER'S STATE AND FEDERAL
16         RIGHT TO DUE PROCESS OF THE LAW AND TO NOT BE TWICE
           PUT IN JEOPARDY FOR THE SAME OFFENSE.
17
                          Claim IV
18
           PETITIONER WAS DENIED HIS STATE AND FEDERAL RIGHT TO
19         DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN THE
           TRIAL COURT FAILED TO STATE REASONS ON THE RECORD FOR
20         IMPOSING THE AMOUNT SPECIFIED AS A RESTITUTION FINE.

21                          Claim V

22         PETITIONER WAS DENIED HIS RIGHT TO THE  EFFECTIVE
           ASSISTANCE OF TRIAL COUNSEL UNDER ARTICLE I, §§ 15 AND
23         24 OF THE CALIFORNIA STATE CONSTITUTION, AND; THE SIXTH
           AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
24
                          Claim VI
25
           PETITIONER SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL
26         ON DIRECT APPEAL IN VIOLATION OF HIS RIGHT TO COUNSEL
           PURSUANT TO THE SIXTH AMENDMENT OF THE CONSTITUTION
27         OF THE UNITED STATES, AND; ARTICLE I, §§ 15 AND 24

1          OF THE CONSTITUTION OF THE STATE OF CALIFORNIA.

2          These claims were presented to the sentencing court and denied on March

3     12, 2007. The order of denial is appended hereto and identified as exhibit

4     A. The writ petition presenting these claims to the California Court of

5     Appeal, Sixth Appellate District was denied on May 2, 2007. See exhibit

6     B. The California Supreme Court denied the habeas petition presenting these

7     claims on October 10, 2007. See exhibit C.

8          Petitioner then presented these claims in a second petition for writ

9     of habeas corpus to the United States District Court, Northern District

10    of California. (C 07-5650 JSW (PR)) This petition was dismissed with leave

11    to seek an order from the United States Court of Appeal granting permission

12    to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

13    See exhibit D.

14         Petitioner then filed a motion requesting the correction of an unauth-

15    orized sentence in the sentencing court on December 31, 2007. This motion

16    was denied on January 29, 2008. See exhibit E.

17         Petitioner then sought to compel the trial court to correct his sentence

18    by seeking a writ of mandate in the California Court of Appeal, Sixth Appel-

19    late District. The Petition For Writ of Mandate was denied on February 15,

20    2008. See exhibit F.

21         Petitioner sought review in the California Supreme Court and was denied

22    on April 9, 2008. See Exhibit G. /4.

23

24

25

26    _____

27         4.) It must be noted that no state court has denied any petition
      presented in this case on procedural grounds.

12.

## MEMORANDUM OF ARGUMENT AND AUTHORITIES

### INCORPORATION OF RECORDS AND DOCUMENTS:

Petitioner hereby incorporates into this petition all documents appended hereto and identified as exhibits and which are offered in support of this petition. Petitioner further hereby incorporates into this petition all documents, records, and transcripts of proceedings, both Reporter's and Clerk', of the record on appeal and which are presently on file in the California Court of Appeal, Sixth Appellate District, in case numbers H008751 and H012372, and on file in the Superior Court for the State of California, in and for the County of Santa Clara in case number 142464.

### REQUEST FOR LIBERAL CONSTRUCTION AND INTERPRETATION:

Petitioner requests leave of this court to file this petition with liberal interpretation and construction standards pursuant to the holding of the United States Supreme Court in **Hains v. Kerner**, 404 US 519; **Boag v. McDougal**, 454 US 364.

### JURISDICTION:

The issues raised herein are properly presented to this Honorable in a petition for writ of habeas corpus in that petitioner is deeking remedy for denial of fundamental constitutional rights and errors in sentencing only which constitute a denial of due process of law and a fundamental miscarriage of justice. As set forth herein petitioner claims exceptions to successive petition and timeliness procedural bars which, if correct, bestow this court with jurisdiction on this matter.

1    **ADDRESSING POSSIBLE PROCEDURAL IMPEDIMENTS**

2    SUCCESSIVE PETITIONS:

3        Petitioner concedes that this petition qualifies as a successive petition
4    within the language of the AEDPA. However, petitioner asserts that this
5    court holds jurisdiction over this matter under the "exceptions" to the
6    successive petition ban established by the United States Supreme Court in
7    **Tyler v. Cain (2001) 533 US 656, 661.** The exceptions to the ban on successive
8    petitions permit review of a claim that has not been previously litigated
9    if "the facts underlying the claim would be sufficient to establish by clear
10   and convincing evidence that but for constitutional error no reasonable fact-
11   finder would have found the applicant guilty of the underlying offense."
12   **28 U.S.C. § 2254(B)**

13       The matters presented herein have not previously been litigated. Further,
14   petitioner establishes herein, by clear and convincing evidence that but
15   for constitutional error no reasonable factfinder would have found petitioner
16   guilty and imposed the sentence imposed.

17   CAUSE AND PREJUDICE STANDARD:

18       In **Coleman v. Thompson (1991) 501 US 722** the United States Supreme Court
19   held that a Sixth Amendment violation of ineffective assistance of counsel
20   overcomes all procedural bars under the "Cause and Prejudice Standard".

21                   ". . ., as Carrier explains, 'if the procedural default
                 is the result of ineffective assistance of counsel, the
22               Sixth Amendment itself requires that the responsibility
                 for the default be imputed to the State.' 477 U.S. at
23               488.'" [Citation omitted.] "In other words, it is not
                 the gravity of the attorney's error that matters, but
24               that it constitutes a violation of petitioner's right
                 to counsel, so that the error must be seen as an external
25               factor, i.e., 'imputed to the State.' See also Evitts
                 v. Lucey, 469 U.S. 387, 396 L.Ed.2d 821, 105 S.Ct. 830
26               (1985)' The constitutional mandate [guaranteeing effective
                 assistance of counsel] is addressed to the action of
27               the State in obtaining a criminal conviction through

14.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

> a procedure that fails to meet the standard of due process
> of law." **Coleman v. Thompson** 501 U.S. 722, 754; quoting
> first **Murray v. Carrier** (1986) 477 U.S. 478, then Evitts
> **v. Lucey, supra.**

This standard survives encatment of the AEDPA. See **Edwards v. Carpenter** (2000) 529 U.S. 446.

In Coleman v. Thonpson, supra, the United States Supreme Court determined that the petitioner's trial counsel was constitutionally defective for failing to file a timely Notice of Appeal and thereby defaulting the petitioner's post-conviction remedies. Since counsels performance fell below constitutional standards he was no longer acting as an agent for the defendant therefore the defendant was no longer bound by the acts and/or omissions of an agent, (See Restatement (Second) of Agency § 242 (1958)). In the Coleman case defense counsel merely failed to open the door by which the petitioner might seek post conviction remedies, whereas in the instant matter, as set forth herein, trial and appellate counsel's acts and omissions have closed and locked the door on petitioner's efforts to gain post conviction remedy on matters presented herein.

FUNDAMENTAL MISCARRIAGE OF JUSTICE:

A petitioner who cannot show cause and prejudice may yet present a procedurally defaulted claim if her or she can demonstrate that a constitutional error has caused a fundamental miscarriage of justice. See: **Wainwright v Sykes** (1977) 433 US 72, 91. The fundamental miscarriage of justice standard applies to the sentencing determination as well as to the adjudication of guilt. See **Dugger v Adams** (1989) 489 US 401, 412 n6. Also **Sawyer v. Whitley** (1992) 505 US 333, at 336: "[the fundamental miscarriage of justice standard] . . . which permits consideration of successive, abusive, or defaulted sentencing-related claims only if the petitioner show[s] by clear and convincing

15.

1   evidence". In the instant case it is a fundamental miscarriage of justice

2   that petitioner's restitution fine was increased upon remand for resentencing,

3   as addressed herein.

4   TIMELINESS:

5       Regarding the timeliness of this petition petitioner asserts that this

6   petition for writ of haveas corpus is not untimely under the standards of

7   the AEDPA, which provides a one year time limit to file a federal petition

8   from either the conclusion of direct review or the expiration of the time

9   for seeking review. (See 28 U.S.C. § 2244(d)(1)) Because this petition does

10  not question determinations of guilt, and only seeks the correction of an

11  unlawful sentence, the one year time limit was not triggered until April

12  9, 2008, the date review was denied by the California Supreme Court. (See

13  exhibit G.) As to the period of time between imposition of sentence and denial

14  of the petition for review by the California Supreme Court ... that period

15  must be tolled because there is no time limit in the State of California

16  to seek correction of an unlawful sentence, An unauthorized sentence may

17  be corrected at any time even without objection. See **People v. Chagolla (1983)**

18  **144 C3d 422; People v. Scott (1994) 9 C4th 331.**

19

20      For the reasons set forth above this petition is properly presented

21  to this Honorable Court.

22

23

24

25

26

27

16.

CLAIM I

UPON RESENTENCING THE TRIAL COURT EXCEEDED IT'S JURIS-
DICTION, AND VIOLATED PETITIONER'S STATE AND FEDERAL
RIGHT TO DUE PROCESS OF THE LAW AND NOT TO BE TWICE PUT
IN JEOPARDY FOR THE SAME OFFENSE.

Controlling Principals of Law:

The Fifth Amendment to the Constitution of the united States and Article I, §§ 15 and 24 of the California State Constitution protect a criminal defendant from twice being placed in jeopardy. The 14th Amendment to the Federal Constitution, and Article I, §§ 15 and 24 of the State Constitution guarantee a criminal defendant due process of the law. Federal Constitutional guarantees are attached to the States through the 14th Amendment of the Constitution of the United States.

Relevant Facts and Argument:

At the original sentencing hearing, which occurred on July 26, 1991, petitioner was ordered to pay a Restitution Fine in the amount of $100.00. (RT. p 855:13-14; also see Petitioner's attached exhibit H) Upon resentencing petitioner was ordered to pay a Restitution Fine in the amount of $1,000.00. A ten-fold increase. (RT. p. 21:7-8; also see Petitioner's attached exhibit I) Petitioner now argues that the trial court exceeded it's jurisdiction in imposing an increased Restitution Fine after the matter was appealed and directed back to the sentencing court for resentencing on matters not effect-ing the validity of the original Restitution Fine imposed. In doing so the trial court violated petitioners federal and state right to due process of the law and not to be twice put in jeopardy.

Purely for the sake of this argument petitioner asserts that the original Restitution Fine was properly imposed pursuant to the law which controlled

17.

1  the matter at the period of time effected. The offenses which are the basis

2  of the judgment in question here occurred in 1990. Therefore, it is the law

3  as it existed at that time which controls this matter.

4              § 1202.4.    Restitution fine; felony convictions; waiver;
                            probation.

5

6              (a)  In any case in which a defendant is convicted
       of a felony, the court shall order the defendant to pay
       a restitution fine as provided in subdivision (a) of

7      Section 13967 of the Government Code. Such restitution
       fine shall be in addition to any other penalty or fine

8      imposed and shall be ordered regardless of the defendant's
       ability to pay. However, if the court finds that there

9      are compelling and extraordinary reasons, the court may
       waive imposition of the fine. When such a waiver is

10     granted, the court shall state on the record all reasons
       supporting the waiver. West's California Penal Code,

11     1990 Compact Edition.

12  Government Code § 13967 (a), Provides:

13             (a)  Upon a person being convicted of any crime
       in the State of California, the court shall, in addition

14     to any other penalty provided or imposed under the law,
       order the defendant to pay restitution in the form of

15     a penalty assessment in accordance with Section 1464
       of the Penal Code. In addition, if the person is convicted

16     of one or more felony offenses, the court shall impose
       a separate and additional restitution fine of not less

17     than one hundred dollars ($100) and not more than ten
       thousand dollars ($10,000). In setting the amount of

18     the fine for felony convictions, the court shall consider
       any relevant factors including, but not limited to,

19     the seriousness and gravity of the offense and the cir-
       cumstances of its commission, any economic gain derived

20     by the defendant as a result of the crime, and the extent
       to which others suffered losses as a result of the crime.

21     Such losses may include pecuniary losses to the victim
       or his or her dependents as well as intangible losses,

22     such as psychological harm caused by the crime. Except
       as provided in Section 1202.4 of the Penal Code and sub-

23     division (c) of this section, under no circumstances
       shall the court fail to impose the separate and additional

24     restitution fine required by this section. This fine
       shall not be subject to penalty assessments as provided

25     in Section 1464 of the Penal Code.

26     Petitioner is cognizant of the language contained in the opinion of

27  the state Court of appeal (See Petitioner's exhibit J) wherein the court

18.

1    said: "The sentence is vacated, and the matter is remanded for complete
2    resentencing in accordance with the law." California courts have held that
3    if an unauthorized sentence is imposed and the case is remanded for resenten-
4    cing the defendant runs the risk of having a greater sentence imposed. See
5    **People v. Serrato** (1973) 9C3d 753, 763. However, only that portion of the
6    sentence which is unauthorized may be effected. The lawful portion of the
7    sentence remains uneffected. See **People v. Price** (1986) 184 CA3d 1405. In
8    cases remanded for retrial the "Henderson Rule" controls. (See **People v.**
9    **Henderson** (1963) 60 C2d 482) The Henderson Rule bars imposition of a greater
10   sentence than originally imposed after retrial following a successful appeal
11   based upon State Constitutional prohibitions against double jeopardy. Admitt-
12   edly, at first glance, federal courts have interpreted federal Constitutional
13   prohibitions against double jeopardy to be less protective. In **North Carolina**
14   **v. Pearce** (1969) 395 US 711 the United States Supreme Court held that the
15   federal double jeopardy clause "imposes no restrictions upon the length of
16   a sentence imposed upon reconviction". (**Pearce at** 719) However, Petitioner
17   asserts that this matter is distinctive from the "Pearce" line of reasoning.
18   Petitioner's resentencing did not follow retrial. The facts upon which deter-
19   minations of guilt were not relitigated in a new or different trial. Only
20   an erroneous portion of the sentence was corrected based upon the sentencing
21   court's having originally sentenced petitioner under an inapplicable sentenc-
22   ing statute. See Petitioner's exhibit J, pages 33-35. The imposed Restitution
23   Fine portion of the judgment was not impacted by the reversal in the Califor-
24   nia Court of Appeal.

25       In California the Restitution Fine portion of the judgment is "punish-
26   ment" for the purposed of California's Constitutional prohibition against
27   double jeopardy which precludes the imposition of more severe punishment

1     upon resentencing. See **People v. Henderson** (1963) 60 Cal.2d 495-497; and
2     **People v. Hanson** 23 Cal.4th 355. Federal double jeopardy attaches to the
3     instant matter because the resentencing court relitigated matters which were
4     not at issue and which had previously been litigated at the original sentenc-
5     ing hearing.

6         The statute controlling Restitution Fine sentencing determinations
7     at the time of petitioner's sentencing was Government Code § 13967 (See above)
8     which set forth the factors the sentencing court is required to consider
9     in determining the amount of the Restitution Fine to impose. Those factual
10    determinations were made at petitioner's original sentencing hearing and
11    based upon those determinations the court imposed a Restitution Fine of
12    $100.00. At the resentencing hearing the court utilized the same 1991
13    Probation Report as utilized at the original sentencing hearing. (See exhibit
14    K) No new or different factors were introduced at the resentencing hearing
15    which would justify increasing the Restitution Fine portion of the judgment.
16    As to the issue of the imposition of a Restitution Fine federal Constitutional
17    jeopardy had attached at the original sentencing hearing where facts were
18    litigated, judicial determinations were made, and a lawful sentence was
19    imposed based upon those determinations. Petitioner's appeal did not call
20    these determinations into question therefore those matters were not at issue.
21    The opinion of the state Court of Appeal remanding the matter for resentencing
22    did not encompass the Restitution Fine. For the sentencing court to have
23    made factual determinations at the resentencing hearing with the prospect
24    of imposing a greater Restitution Fine than had been lawfully imposed for
25    the same conduct violated Federal Constitutional Double Jeopardy Standards.
26    Arguendo: for the sentencing court to increase a previously lawfully imposed
27    punishment ten fold based upon no new evidence or factors is arbitrary and

20.

1  exudes the odor of vindictiveness, in violation of petitioner's right to

2  due process of the law under the 14th Amendment of the Constitution of the

3  United States.

4      In an attempt to provide a modicum of protection against improper re-

5  sentencing the United States Supreme Court said "[d]ue process of law ...

6  requires that vindictiveness against a defendant for having successfully

7  attacked his first conviction must play no part in the sentence he receives

8  after a new trial." **Pearce, supra,** 395 U.S. **at** 725 The Court went on to

9  acknowledge, "The existence of a retaliatory motivation would, of course,

10 be extremely difficult to prove in any individual case." **Pearce, supra** 395

11 U.S. 725 **fn.** 20.

12     It was specifically to preclude even the appearance of vindictiveness

13 that California fashioned the "Henderson Rule". (**Henderson, supra,** 60 **Cal.2d**

14 482) as referenced above. Several states have adopted the Henderson Rule

15 on the basis of fundamental fairness.

16         "For the foregoing reasons, even if we were to find
           our state double jeopardy clause does not compel the
17         holding in Henderson, we would not hesitate to enforce
           the same rule on alternate state due process grounds.
18         The Alaska Supreme Court reached this conclusion in
           Shagloak v. State (Alaska 1979) 597 P.2d 142. (Cf. State
19         v. Holmes (1968) 281 Minn. 294, 161 N.W.2d 650, 654
           [precluding increased penalty on resentencing based on
20         'procedural fairness and principles of public policy
           rather than on constitutional ground'] State v. Wolf
21         (1966) 46 N.J. 301, 216 A.2d 586 [same under New Jersey
           law]; State v. Turner, supra, 429 P.2d at pp. 570-571
22         [same under Oregon law].) Translating the rationale of
           Henderson into due process terms, the court in Shagloak
23         explained that 'if a more severe sentence may be imposed
           after retrial for any reason, there will always be a
24         definite apprehension on the part of the accused that
           a heavier sentence may be imposed .... Such deterrence
25         violated the due process clause of the Alaska Constitut-
           ion. The fundamental standard of procedural fairness,
26         which is the basic due process right claimed in this
           case, forbids placing a limitation on the defendant's
27         right to a fair trial by requiring a defendant to barter

1
2
3
4
5

> with freedom for the opportunity of exercising it.
> [Citation.] The state has no valid interest in imposing
> unreasonable conditions on [a defendant's] legitimate
> exercise of his due process right.' Shagloak v. State,
> supra, 597 P.2d at p. 145, fns omitted.) We would be
> loathe to construe California's due process right to
> procedural fairness any more narrowly even if we were
> to conform to federal double jeopardy standards." People
> v. Hanson 23 Cal.4th 355, 366-367.

6       The relevant facts and procedural history of the Hanson case matches
7   this case on all four points of the legal compass. In Hanson the defendant
8   was directed back to the sentencing court for resentencing at which time
9   the sentencing court increased the original amount of the Restitution Fine
10  imposed from $1,000.00 to $10,000.00. The California Supreme Court indicated
11  that this violated due process and fundamental fairness. In the instant matter
12  petitioner asserts that the resentencing court acted in a clearly vindictive
13  manner by arbitrarily increasing one portion of his original sentence after
14  what amounts to being directed to reduce a different portion of the original
15  sentence by the state Court of Appeal after succeeding on appeal. This vind-
16  ictiveness violates petitioner's federal constitutional right to due process
17  of the law. A violation which continued right up through the California Court
18  of Appeal and the California Supreme Court wherein petitioner has made re-
19  peated efforts to have the illegal portion of his sentence corrected only
20  to have these efforts thwarted by procedural double talk, misdirection and
21  avoidance.

22      As set forth in the Procedural History, above, petitioner originally
23  sought correction of the illegally increased Restitution Fine portion of
24  his sentence by submitting a petition for writ of habeas corpus in the
25  sentencing court which was denied on March 12, 2007 (Exhibit A). As is pro-
26  cedurally required, petitioner exhausted this claim through the California
27  Supreme Court and was denied on October 10, 2007. (Exhibit C) Petitioner

1    then sought federal review but was denied on procedural grounds. (Exhibit
2    D) However, petitioner then became aware of state law which allowed for the
3    correction of an illegal sentence at any time and without procedural impedi-
4    ments determined that the speediest remedy was to motion the sentencing court
5    for the correction of an unauthorized sentence. (See Exhibit L:17-L:23) There
6    in petitioner cited People v. Hanson, supra, which is clearly on point and
7    binding state authority on the matter. Rather than to correct the sentence
8    the sentencing court denied the motion stating "Petitioner's claim of error
9    should have been presented to the Sixth District [Court of Appeal] in either
10   a direct appeal or in Petitioner's most recent habeas corpus petition H031358.
11   The matter may not now be considered by the Superior Court." Diane Northway,
12   Judge of the Superior Court (See Exhibit D; also L-25) The claim was presented
13   in habeas corpus petition H031358 and, as argued in the motion, the sentencing
14   court has jurisdiction to correct an unauthorized sentence at any time.
15   Petitioner properly petitioned the state Court of Appeal for a writ of mandate
16   to compel the trial court to perform it's duty. (See Exhibit L:27-L:33)
17   Mandate was denied on February 15, 2008. (See Exhibit F) A Petition For Review
18   was presented to the California Supreme Court (See Exhibit L) and was denied
19   on April 9, 2008. (See Exhibit G)

20        Petitioner's increased Restitution Fine is clearly unauthorized under
21   California state law yet the state courts have failed to act when the matter
22   has been presented to them. This is vindictive and fundamentally unfair in
23   violation of the 14th Amendment of the Constitution of the United States.

24        Petitioner is cognizant that federal habeas corpus does not lay to review
25   errors of state law. (Estelle v. McGuire (1991) 502 US 62. There are, however,
26   exceptions to that general rule. The denial of a state created right can
27   amount to a constitutional violation of due process. See Hicks v. Oklahoma

23.

1   (1980) 447 US 343. Further, the Ninth Federal Circuit Court of Appeal held
2   that a state court's action which is arbitrary and fundamentally unfair viola-
3   tes constitutional due process. See Cooks v. Spalding (9th Cir. 1981) 660
4   F2d 738. Still further, the denial of a state law based right constitutes
5   a violation of constitutional liberty interests under the 14th Amendment
6   of the Constitution of the United States. See Fetterly v. Paskett (9th Cir.
7   1993) 997 F2d 1295. These circumstances are present in the instant case.
8   And lastly, there is a sound argument to be made that the arbitrary denials
9   by the state courts of petitioner's efforts to have his clearly illegal
10   sentence corrected amounts to subterfuge in order to avoid federal review
11   of a constitutional violation relying on federal procedural bars rather than
12   serving fundamental fairness and justice through due process of the law.
13   See Oxborrow v. Eikenberry (9th Cir. 1989) 877 F2d 1395.

14   Petitioner's original $100.00 Restitution Fine was a lawfully imposed
15   punishment. The trial court had no jurisdiction to change this lawfully
16   imposed sentence at resentencing. For the resentencing court to revisit the
17   matter and increase this portion of the imposed punishment violates federal
18   and state prohibitions against double jeopardy and exudes the odor of
19   vindictiveness under the circumstances of this case.

20   As set forth above petitioner's federal constitutional right to due
21   process of the law and not to be put twice in jeopardy have been violated
22   by the sentencing. Fundamental fairness requires that petitioner be remanded
23   back to the sentencing court for correction of sentence.

24

25

26

27

24.

CLAIM II

PETITIONER SUFFERED INEFFECTIVE ASSISTANCE OF BOTH TRIAL
COUNSEL AND COUNSEL ON FIRST DIRECT APPEAL IN VIOLATION
OF THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED
STATES.

Controlling Principal of Law:

The right to the assistance of counsel in a criminal case is guaranteed

by the Sixth Amendment to the Constitution of the United States. A criminal

defendant is entitled to the effective assistance of counsel at trial

[Strickland v. Washington (1984) 466 US 668] and on first direct appeal

[Evitts v. Lucey (1985) 469 US 387]. The standards for judging counsel's

effectiveness were established in Srtickland v. Washington, supra, (Strickland):

> "The benchmark for judging any claim of the effectiveness
> of counsel is whether counsel's conduct so undermined
> the adversarial process that the trial cannot be relied
> on as having produced a just result." Strickland, supra,
> at 723.

> "Thus a court deciding an actual ineffectiveness claim
> must judge the reasonableness of counsel's conduct on
> the facts of a particular case viewed at the time of
> counsel's conduct." Strickland, supra, at 726.

> " ... a fair trial is one in which evidence subject to
> adversarial testing is presented to an impartial tribunal
> for resolution of the issues defined in advance of the
> proceeding. The right to counsel plays a critical role
> in the adversarial system embodied in the Sixth Amendment,
> since access to counsel's skill and knowledge is necessary
> to accord defendants the 'ample opportunity to meet the
> case of the prosecution' to which they are entitled."
> [Citation Omitted] Strickland, supra, at 723.

> "That a person who happens to be a lawyer is present
> at trial alongside the accused, however, is not enough
> to satisfy the constitutional command. The Sixth Amendment
> recognizes the right to the assistance of counsel because
> it envisions counsel's playing a role that is critical
> to the ability of the adversarial system to produce a
> just result. An accused is entitled to be assisted by
> an attorney, whether retained or appointed, who plays
> the role necessary to ensure that the trial is fair."
> Strickland, supra, at 723.

25.

1    In order to prevail on a claim of ineffective assistance of counsel a
2  convicted defendant must show not only that counsel was not functioning as
3  counsel guaranteed by the Sixth Amendment so as to **provide** reasonably effective;
4  but must show that counsel's errors were so serious as to deprive the defendant
5  of a fair trial because of the reasonable probability that but for counsel's
6  unprofessional errors, the result would have been different. However, it is
7  not necessary that the defendant show that counsel's conduct more likely than
8  not altered the outcome of the case. (**Strickland, supra, at** 726)

9    The "Strickland Test" applies both to claims of ineffectiveness of trial
10  and appellate counsel.

11  Facts and Argument:

12    In the instant case both trial and appellate counsel's ineffectiveness
13  is clear and the prejudice suffered is readily apparent. Trial counsel allowed
14  petitioner's Restitution Fine to be increased at resentencing without objection.   •
15  Appellate Counsel failed to raise and prosecute this clearly meritorious issue
16  on first direct appeal. The irony of appellate counsel is that Petitioner was
17  represented by Attorney Mark Greenberg of Berkley California on first direct
18  appeal. The very same Mark Greenberg who later argued and the same claim as
19  presented herein to the California Supreme Court in **People v. Hanson, supra,**
20  and won. That case is based upon the "Henderson Rule" which was also the contro-
21  lling law on the matter at the time of Petitioner's appeal. Counsel clearly
22  errored in Petitoner's case by failing to raise this issue on appeal which he
23  would have won had he presented it, as he did in **Hanson, supra.**

24    For the reasons set forth above both trial and appellate counsel's were
25  ineffective in violation of the Sixth Amendment and the matter must be remedied
26  accordingly.

27

CONCLUSION

For all of the reasons set forth herein the writ must issue and petitioner directed back to the sentencing court for the correction of his sentence.

Dated: *5 - 22 - 08*

Respectfully submitted:

Harry Eldridge, In Pro Se

27.